IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRCT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WHITNIE JACKSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>CLEVELAND CLINIC FOUNDATION, ET AL.,<br><br>    Defendants, | CASE NO.  1:25-CV-01227-BMB<br><br>JUDGE BRIDGET MEEHAN BRENNAN<br><br>MAGISTRATE JUDGE JONATHAN D. GREENBERG<br><br>**MEMORANDUM OF OPINION AND ORDER** |

Plaintiff, Whitnie Jackson ("Plaintiff" or "Jackson"), filed her Complaint on June 11, 2025 raising numerous claims stemming from alleged medical negligence on behalf of the Defendants.  (Doc. No. 1.) This case is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 Local Rules 72.1 and 72.2(a). On June 11, 2025, Plaintiff filed her Application to Proceed In Forma Pauperis ("IFP"). (Doc. No. 2.) On June 23, 2025, this Court granted Jackson's IFP Motion. (Doc. No. 3.)

Currently pending is Plaintiff's Motion for Appointment of Counsel (the "Motion"). (Doc. No. 20.) Defendants filed their Memorandum in Opposition to the Motion (Doc. No. 24) and Plaintiff filed a Reply in Support (Doc. No. 29). For the reasons set forth below, Jackson's Motion for Appointment of Counsel (Doc. No. 20) is **DENIED**.

A district court has the discretion to appoint counsel under 28 U.S.C. § 1915(d) but there is no statutory right to appointed counsel in a civil action. *Perry v. May*, No. 3:22 CV 688, 2023 WL 406054, at *3 (N.D. Ohio Jan. 25, 2023), citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). There is also no constitutional right to appointed counsel in civil cases. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir.

1

1993). The appointment of counsel in civil actions is a "privilege that is justified only by exceptional circumstances." *Id.* at 606. In evaluating whether appointment of counsel is warranted, "courts generally examine the nature of the case, the plaintiff's ability to prosecute the case in a *pro se* capacity, and 'the complexity of the factual and legal issues involved.'" *Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013) (quoting *Lavado*, 992 F.2d at 606).

The Court finds appointment of counsel is not justified at this time. Plaintiff has, in her filings, demonstrated her ability to clearly set forth the facts and relevant legal standards applicable to her claims. She has engaged in extensive motion practice, including a Motion to Strike Affirmative, Punitive, and Additional Defenses (Doc. No. 12), Motion for Leave to Amend Complaint and/or Substitute Parties (Doc. No. 12), Reply in Opposition to Motion for Judgment on the Pleadings (Doc. No. 26), Reply in Opposition to Motion for Leave to File SurReply (Doc. No. 32), Opposition to Motion for Protective Order (Doc. No. 33, 44), Opposition to Motion to Strike Plaintiff's Amended Complaint (Doc. No. 45), Motion to Compel Defendant Discovery Responses (Doc. No. 47), and numerous reply briefs. Plaintiff's filings are thorough, contain citations to relevant case law[1], and include analysis distinguishing case law cited by Defendants (*see* Doc. No. 29). Plaintiff also navigated Probate Court filings to be appointed as Personal Representative of the Estate of Amir Rodgers. (*See* Doc. No. 38, 39.) Plaintiff also served multiple sets of written discovery on Defendants. (Doc. No. 28, 46.) Plaintiff, thus far, has been capable of prosecuting this case.

The nature of this case stems from alleged medical negligence. Courts in this circuit have been split on whether cases alleging medical negligence require appointing counsel. See, e.g., *Gray v. United States*, 556 F. Supp. 3d 832, 866 (W.D. Tenn. 2021) (granting motion for appointment of counsel in a medical

---

[1] Plaintiff has previously cited to a case that does not exist (see Doc. No. 12), which the Court addressed in its Order denying her Motion to Strike Affirmative, Punitive and Additional Defenses (Doc. No. 23), but generally cites to relevant case law. During the October 16, 2025 Telephone Status Conference, the undersigned reminded the parties the use of AI is not permitted by Magistrate Judge Greenberg.

2

negligence case); *Martin v. Harvey*, 14 F. App'x 307, 310 (6th Cir. 2001) (finding district court did not abuse its discretion when it denied plaintiff's motion for appointment of counsel). Here, Plaintiff presents claims of EMTALA violations, medical negligence, wrongful death, a Section 1983 claim for violation of due process, negligent infliction of emotional distress, intentional infliction of emotional distress, fraudulent misrepresentation and concealment, breach of fiduciary duty, civil conspiracy, negligent supervision and training, and negligent credentialing. (Doc. No. 1.) Despite the breadth of claims raised, these claims do not appear to involve any novel legal arguments. (see, e.g. *Perry*, 2023 WL 406054, at *3.)

Finally, Plaintiff has not demonstrated any attempt to retain counsel in this matter. *See Herron v. Voyles*, 2018 WL 11488861, at *2 (W.D. Tenn. Feb. 2, 2018) (denying motion for appointment of counsel where plaintiff, among other reasons, failed to demonstrate that he attempted to retain counsel but was unable to do so.)

For the foregoing reasons, the undersigned **DENIES** Jackson's Motion for Appointment of Counsel. (Doc. No. 20.) However, nothing in this Order shall preclude Plaintiff from requesting appointment of counsel at a future point in this action should exceptional circumstances arise to justify such an appointment.

Date: October 22, 2025            *s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge