IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WHITNIE JACKSON, | ) | CASE NO. 25-CV-01227-BMB |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| vs. | ) | |
| | ) | |
| CLEVELAND CLINIC FOUNDATION, et al., | ) | MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| | ) | |
| Defendants. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

This matter is before the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72(a) of the Federal Rules of Civil Procedure, and Local Rule 72.1 and 72.2(a). (See Non-Document Order dated June 27, 2025.) On November 14, 2025, the Court granted in part Defendants' Motion for Protective Order, or in the Alternative, Motion to Stay Discovery, staying discovery pending resolution of the issue of whether Plaintiff, proceeding *pro se*, can represent the Estate of Amir Rodgers and pursue her own claims. (Doc. No. 41.) On December 3, 2025, the Court held an evidentiary hearing, where testimony was taken from Airick Rodgers. (Doc. No. 60, 63.) Per Court order, both parties filed post-hearing briefs. (Doc. Nos. 65, 69.)

For the following reasons, the Court recommends finding that Plaintiff, Whitnie Jackson, a non-lawyer, cannot represent the Estate of Amir Rodgers, and recommends granting Defendants' Motion to Strike Plaintiff's Amended Complaint or in the Alternative, Motion to Dismiss Plaintiff's Amended Complaint. (Doc. No. 40.)

1

I.  **Background**

On October 9, 2025, Defendants filed Motion for Protective Order, or in the Alternative, Motion to Stay Discovery (the "Motion"). (Doc. No. 41.) Defendants argued Plaintiff is engaged in the unauthorized practice of law because she is representing the estate of Amir Rodgers as a non-attorney, which is barred by O.R.C. § 4705.01 and 28 U.S.C. § 1654.[1] (*Id*. at 3.) Plaintiff opposed the Motion, arguing she can represent the estate pro se because she is the sole beneficiary, the estate has no creditors, the probate court accepted the other parent's formal disclaimer, and she has been issued Letters of Authority by the Probate Court. (Doc. No. 44 at 3.) The Court granted the Motion in part, and set an evidentiary hearing for the parties to present evidence concerning the beneficiary status of the Estate of Amir Rodgers and whether the estate has any creditors. (Doc. No. 58.)

On December 3, 2025, the Court held an evidentiary hearing. (Doc. No. 63.) The Court heard testimony from Airick Rodgers, Sr. (*Id*. at 7-20.) Mr. Rodgers testified that he is the father of the decedent, Amir Rodgers. (*Id*. at 15-16.) He and Whitnie Jackson, the mother of the decedent, have two living children. (*Id*. at 12, 13.) The two living children are the biological siblings of the decedent. (*Id*. at 14.) Mr. Rodgers has one living parent, and one living grandparent. (*Id*. at 14, 15.) Ms. Jackson has two living parents. (*Id*.)

The parties submitted post-hearing briefs. (Doc. Nos. 65, 69.)

II.  **Legal Standard**

A party may plead and conduct his own case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 522 (2007). However, the statute "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Anthony v. Murphy*, No. 1:25-CV-1890, 2025 WL 3711725, at *3 (N.D. Ohio Dec. 22, 2025); citing *Shepherd v. Wellman*, 313 F.3d

---

[1] Defendants raise this argument in several other motions as well. *See* Motion for Protective Order, or in the Alternative, Motion to Stay Discovery (Doc. No. 30) (denied as moot); Motion to Strike Plaintiff's Amended Complaint or in the Alternative, Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 40).

963, 970 (6th Cir. 2002) (citation omitted). This rule "'protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent.'" *Id*., quoting *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015); *Zanecki v. Health Alliance Plan of Detroit*, 576, F. App'x 594, 595 (6th Cir. 2014) (per curiam).

Ohio law similarly provides, "[w]hile a party may represent himself in a court proceeding without the assistance of a lawyer, the general rule is that a layperson may not represent another person in a legal action." *Lusk v. Crown Pointe Care Ctr.*, 2019-Ohio-1326, ¶ 6, 135 N.E.3d 414, 417; *Norwalk MK, Inc. v. McCormick*, 170 Ohio App.3d 147, 2006-Ohio-4640, 866 N.E.2d 516, ¶ 8 (6th Dist.); *see Williams v. Griffith*, 10th Dist. No. 09AP-28, 2009-Ohio-4045, 2009 WL 2469523, ¶ 14, quoting *State v. Block*, 8th Dist. No. 87488, 2007-Ohio-1979, 2007 WL 1219292, ¶ 4 (A "'person has the inherent right to proceed pro se in any court, but that right pertains only to that person. It does not extend to the person's spouse, child, or solely owned corporation.'"); R.C. 1.59 (A "person" is generally defined to include "an individual, corporation, business trust, estate, trust, partnership, and association."). This rule has developed from the statute prohibiting the unauthorized practice of law, R.C. 4705.01. *Wood Cty. Health Dist. v. Bauer*, 6th Dist. No. WD-17-043, 2018-Ohio-5203, 2018 WL 6721476, ¶ 23. "The 'practice of law' consists of, inter alia, preparing documents and papers prior to commencement of actions, managing the resulting actions, and representing persons in court." *Norwalk MK, Inc.* at ¶ 8, citing *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 28-29, 193 N.E. 650 (1934).

"Although there is no common-law action for wrongful death, R.C. 2125.01 establishes such a claim in Ohio." *Lusk* at ¶ 7. Under this statute, "[w]hen the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued * * * shall be liable to an action for damages." Such an action must be "brought in the name of the personal representative of the

3

decedent for the exclusive benefit of the surviving spouse, the children, * * * the parents of the decedent, * * * [and] the other next of kin of the decedent." R.C. 2125.02(A)(1). For the purpose of R.C. 2125.02, "personal representative" means either the executor or administrator of the decedent's estate. *Slater v. Ohio Dept. of Rehab. & Corr.*, 10th Dist., 2018-Ohio-1475, 111 N.E.3d 492, ¶ 16 (10th Dist.).

"The requirement that a wrongful death action be brought in the name of the decedent's personal representative, who is generally represented by counsel, prevents a multiplicity of suits and facilitates distribution of any sums received from wrongful-death claims to the various beneficiaries." *Lusk* at ¶ 8; citing *Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007-Ohio-4787, 873 N.E.2d 1258, ¶ 10, citing R.C. 2125.03; *Williams* at ¶ 12. The personal representative represents the interests of the statutory next of kin. *Williams* at ¶ 13, citing R.C. 2125.02(A)(1).

In *Lusk*, Jeffrey Lusk was appointed as the executor of his mother's estate. *Lusk* at ¶ 8. The court found that, as a non-attorney, he could not represent the interests of others, including the decedent's other next of kin, in that case his sister. *Id*. The court stated Lusk representing the interests of his sister would constitute unauthorized practice of law. *Id*. The court stated he could not proceed in a wrongful death action only on behalf of himself individually because such an action must be "maintained by the personal representative on behalf of the statutory next of kin in one action." *Id*., *Williams* at ¶ 15, citing R.C. 2125.02. The *Lusk* Court found Lusk's attempt to proceed pro se in prosecuting the wrongful death action impermissible because he necessarily would be representing the interests of at least one other statutory next of kin. *Id*.

The *Lusk* Court further found Lusk's attempt to litigate a survival claim also impermissible. *Id*. at ¶ 9. "[A] survival action brought to recover for a decedent's own injuries before his or her death is independent from a wrongful-death action seeking damages for the injuries that the decedent's beneficiaries suffer as a result of the death, even though the same nominal party [the personal representative] prosecutes both

4

actions." *Id.*; *Peters* at ¶ 7. "Under the general survival statute, R.C. 2305.21, a victim's right of action for personal injuries survives and passes to her personal representative, and may be instituted for the benefit of the estate." *Id.*, citing *Shinaver v. Szymanski*, 14 Ohio St.3d 51, 55, 471 N.E.2d 477 (1984); *Perry v. Eagle-Picher Industries, Inc.*, 52 Ohio St.3d 168, 169-70, 556 N.E.2d 484 (1990); *see LaMusga v. Summit Square Rehab, LLC*, 2d. Dist., 2015-Ohio-5305, 43 N.E.3d 504, ¶ 55 ("survival claims made by the personal representative are on behalf of the estate"); *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, 2008 WL 4174146, ¶ 10 (in bringing survival claims, the personal representative of the decedent's estate was "standing in the shoes" of the decedent). The *Lusk* Court held that, as to the survival claim, Lusk, a non-lawyer, was acting on behalf of the decedent's estate, which was impermissible. *Lusk* at ¶ 10.

The *Lusk* Court held, "[e]ven if Lusk is the sole beneficiary under the decedent's will and her estate has no creditors, these circumstances do not alter the fact that he is attempting to litigate this matter on behalf of the estate, which Ohio law generally treats as a 'person' or an 'entity.' *Id.* at ¶ 11, citing R.C. 1.59; *In re Estate of Villiers*, 10th Dist. No. 12AP-293, 2013-Ohio-2560, 2013 WL 3194911, ¶ 3; *Estate of Barney v. Manning*, 8th Dist. No. 94947, 2011-Ohio-480, 2011 WL 346293, ¶ 16.

### III. Analysis

Here, Jackson, *pro se*, attempts to bring a wrongful death and survival claim on behalf of the Estate of Amir Rodgers. (Doc. Nos. 1, 37.) As discussed, Ohio law and Sixth Circuit precedent do not allow a non-attorney to represent another person in a legal action, including representing an estate. *See Anthony*, 2025 WL 3711725, at *3, citing *Shepherd,* 313 F.3d at 970; *Lusk* at ¶ 6. While the Sixth Circuit has held "the sole beneficiary of an estate without creditors may represent the estate pro se" *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015), in *Bass*, the issue involved the transfer of real estate, and did not involve a medical claim or wrongful death claim. Nor did *Bass* analyze the wrongful death statute, R.C. 2125.02(A), and the statutory beneficiaries whose interests are represented by the personal representative of an estate. Also in

5

*Bass*, the issue of whether appellants were the sole representatives of their respective estates and that their estate lacked creditors was uncontested, unlike here, where the beneficiary issue is contested.

Mr. Rodgers' testimony reveals the decedent has two living parents, two living siblings, three biological grandparents, and one biological great-grandparent. (Doc. 63 at pp. 12-16.) These individuals are statutory beneficiaries pursuant to R.C. 2125.02(A). Beneficiaries other than a spouse, children, or parents of the decedent are not presumed to have suffered damages and must prove their damages. R.C. 2125.02(B). Ohio courts have held that other next of kin, including decedent's grandparents and siblings, were entitled to recover wrongful death damages even though a surviving spouse, parent, or child may exist. *See Ramage v. Central Ohio Emergency Serv., Inc.*, 64 Ohio St. 3d 97, 1992 Ohio 109, 592 N.E.2d 828, *Wise v. Timmons*, 64 Ohio St.3d 113, 1992 Ohio 117, 592 N.E.2d 840. Even if Jackson was the sole beneficiary of the estate, like in *Bass*, which she is not, Ohio case law does not permit a non-lawyer personal representative litigate an action pro se on behalf of a decedent's estate. *Lusk* at ¶ 6. Moreover, "[a]n administrator's duties pertaining to the administration of an estate do not change the principles precluding a non-lawyer from engaging in the practice of law." *Lusk* at ¶ 10; *Williams*, 10th Dist. No. 09AP-28, 2009-Ohio-4045.

Jackson argues that the survivorship claim and wrongful death claim must be analyzed separately because proceeds from a survivorship claim are distributed according to Ohio's statute of descent and distribution which states that parents inherit before siblings. (Doc. No. 65 at 2, citing R.C. 2105.06.) She contends that in contrast to the survivorship claim, a wrongful death claim proceeds are distributed equitably among a statutory class of beneficiaries. (*Id*. at 3.) Jackson argues she is the "sole heir" to the survivorship claim because the decedent's father disclaimed his interest. (*Id*.; *see also* Doc. No. 63, Ex. A.[2])

---

[2] As Defendants note, the probate court order granting Mr. Rodgers' disclaimer refers to him as "Airick Rodgers, Jr." but decedent's father is Airick Rodgers, Sr. (*See* Doc. No. 63 at pp. 8-9.) The Court here does not address whether this constitutes a valid disclaimer as it is not material to the analysis or outcome.

Ohio Courts hold that survival claims are brought by the personal representative for the benefit of the estate. *Lusk* at ¶ 9; *Shinaver*, 14 Ohio St.3d at 55; *Perry*, 52 Ohio St.3d at 169-70; *see LaMusga*, 43 N.E.3d 504, ¶ 55; *Williams,* 2008 WL 4174146, ¶ 10. Even if Jackson is the sole beneficiary, she cannot litigate this matter on behalf of the estate, which Ohio law generally treats as a 'person' or an 'entity.' *Lusk* at ¶ 11, citing R.C. 1.59; *In re Estate of Villiers*, 2013 WL 3194911, ¶ 3; *Estate of Barney,* 2011 WL 346293, ¶ 16. A pro se plaintiff cannot litigate a survival claim because they are acting on behalf of decedent's estate, which would constitute unauthorized practice of law. *See Lusk* at ¶ 11, citing R.C. 1.59 (finding pro se plaintiff's survival claim impermissible because the claim is brought on behalf of the estate which Ohio recognizes as a person or entity).

Jackson asserts, with respect to the wrongful death claim, that the decedent's siblings' interest is speculative, and therefore she is the "only party with a direct, presumed, and vested interest" in the claims. (Doc. No. 65 at 4-5.) She claims Defendants' reliance on *Wise v. Timmons* is misplaced (*id*. at 4), but Defendants accurately state that next of kin must prove their damages. (Doc. No. 69 at 4.) As discussed, *supra*, in *Wise*, the court found next of kin could recover damages upon proper proof even though there is a surviving parent, spouse, or minor children. 64 Ohio St. 3d at 117. It is worth noting that Jackson's argument here, which admits decedent's siblings are beneficiaries (referring to siblings as "second tier beneficiaries"), appears to contradict her argument that she is the sole beneficiary.

## IV. Conclusion

For the foregoing reasons, the Court recommends finding that Plaintiff, Whitnie Jackson, a non-lawyer, cannot represent the Estate of Amir Rodgers, and recommends granting Defendant's Motion to Strike Plaintiff's Amended Complaint or in the Alternative, Motion to Dismiss Plaintiff's Amended Complaint. (Doc. No. 40.)

Date:  February 2, 2026                                          *s/ Jonathan Greenberg*
                                                                            Jonathan D. Greenberg
                                                                            United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).